UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-18-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:18cr171 (SRU) |
| v. | VIOLATION: |
| VINCENT DECARO, ARBER ISAKU, and DAVID REICHARD | 21 U.S.C. § 846 (Conspiracy to Distribute and to Possess with Intent to Distribute Fentanyl Analogue) |
| | 21 U.S.C. §§ 841(a) and 841(b)(1)(A) (Possession with Intent to Distribute 100 grams or more of Fentanyl Analogue) |
| | 21 U.S.C. §§ 841(a) and 841(b)(1)(C) (Possession with Intent to Distribute Fentanyl Analogue) |
| | 18 U.S.C. § 2 (Aiding and Abetting) |
| | 21 U.S.C. § 853 (Criminal Forfeiture) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Distribute and to Possess with Intent to Distribute Fentanyl Analogue)

1. From approximately July 2017 through approximately April 2018, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants VINCENT DECARO, ARBER ISAKU, DAVID REICHARD, and others unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that the defendants VINCENT DECARO, ARBER ISAKU, and DAVID REICHARD, together with others unknown to the Grand

Jury, would distribute and possess with intent to distribute controlled substances, namely fentanyl analogues, in violation of Title 21, United States Code, Section 841(a)(1).

3. The defendants VINCENT DECARO, ARBER ISAKU, and DAVID REICHARD knew from their own conduct as members of the narcotics conspiracy charged in Count One and the readily foreseeable conduct of themselves and other members of that conspiracy, that the conspiracy involved 100 grams or more of a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(A)(vi).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Possession with Intent to Distribute Fentanyl Analogue)

4. On or about April 3, 2018, in the District of Connecticut, the defendants VINCENT DECARO and DAVID REICHARD did knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanimide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi) and Title 18, United States Code, Section 2.

## COUNT THREE
(Possession with Intent to Distribute Fentanyl Analogue)

4. On or about August 23, 2017, in the District of Connecticut, the defendant ARBER ISAKU did knowingly and intentionally possess with intent to distribute a mixture and substance

containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanimide ("fentanyl"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

5.    Upon conviction of one or more of the controlled substance offenses alleged in Counts One, Two, and Three of this Indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation of 21 U.S.C. § 841(a)(1) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to:

    a.    One 2014 Jeep Wrangler, bearing Vehicle Identification Number 1C4HJWEG5EL273479;

    b.    29.1727822 Bitcoin; and

    c.    4.92491919 Bitcoin.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s), cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a), Federal

Rules of Criminal Procedure.

                                          A TRUE BILL

                                                  /s/
                                        FOREPERSON

UNITED STATES OF AMERICA

LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY